1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                  AT TACOMA

8   ARTHUR LENARD AUSTIN,

9                          Petitioner,          Case No. C22-5567-JHC-MLP

10        v.

11  JOHN SNAZA,                                 ORDER TO SHOW CAUSE

12                          Respondent.

13

14        Petitioner Arthur Austin is currently confined at the Thurston County Jail in Tumwater,

15  Washington, where he is awaiting trial on various assault charges filed in three separate Thurston

16  County Superior Court criminal cases. Petitioner's mother, Mary Austin, has filed on Petitioner's

17  behalf petitions for writ of habeas under 28 U.S.C. § 2254 challenging each of Petitioner's three

18  pending state court criminal cases, and the one at issue here pertains to Petitioner's pending

19  vehicular assault case, Thurston County Superior Court Case No. 22-1-00257-34.[1] (*See* dkt. # 1

20  at 1.)

21

22  _____

23  [1] Also pending in this Court are *Austin v. Snaza*, Case No. C22-5566-JCC-TLF, which pertains to
    Thurston County Superior Court Case No. 22-1-00027-34 (charging attempted robbery in the second
    degree – domestic violence, assault in the fourth degree, assault in the second degree – domestic
    ORDER TO SHOW CAUSE
    PAGE - 1

Petitioner's primary ground for relief appears to be that his speedy trial rights have been violated in his underlying criminal case. (*See* dkt. ## 1 at 1, 5, 7-8; 1-1 at 2-15.) However, the petition also references other alleged infirmities in Petitioner's ongoing state court criminal proceedings and raises concerns about the treatment Petitioner has received during his confinement at the Thurston County Jail. (*See id*.) Petitioner, in his request for relief, asks that he be immediately released from custody. (Dkt. # 1-1 at 16.)

The Court first observes that Petitioner may not seek relief under 28 U.S.C. § 2254 which is available only to persons who are "in custody pursuant to the *judgment* of a state court." 28 U.S.C. § 2254(a) (emphasis added). As Petitioner has not yet been convicted in the state court criminal case he seeks to challenge in the instant habeas action, he is not confined pursuant to a judgment of the state court and, thus, § 2254 provides no avenue for relief at this juncture.

Even assuming the Court were to construe Petitioner's petition as one filed under the general habeas statute, 28 U.S.C. § 2241, he would still not be entitled to the relief he seeks in this action. Because Petitioner is awaiting adjudication of his pending criminal charges in Thurston County Superior Court, resolution of Petitioner's claim that his speedy trial rights have been violated would necessarily require this Court to become involved in his ongoing state court criminal proceedings. Addressing the additional infirmities in the state court criminal proceedings referenced in Petitioner's materials would likewise require this Court to become involved in those proceedings.

---

violence), and *Austin v. Snaza*, C22-5568-BHS-DWC, which pertains to Thurston County Superior Court Case No. 22-1-00429-34 (charging custodial assault).

ORDER TO SHOW CAUSE
PAGE - 2

Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires a federal court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

All of the *Younger* criteria are satisfied here. First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Indeed, Petitioner indicates in his petition that he is currently seeking relief in the state courts with respect to this speedy trial claim. (Dkt. # 1 at 2.) Fourth, Petitioner seeks release from custody based on the alleged violation of his speedy trial rights. If this Court were to conclude that Petitioner was entitled to such relief, this would have the practical effect of enjoining Petitioner's ongoing state court proceedings. Accordingly, *Younger* abstention appears to apply in this case, and Petitioner must therefore show cause why this federal habeas action, even if construed as one filed under § 2241, is not subject to dismissal.

To the extent Petitioner complains about the conditions of his confinement at the Thurston County Jail, including being confined in segregation for an extended period of time,

ORDER TO SHOW CAUSE
PAGE - 3

being denied pencil, paper, and legal documents, and being assaulted by the jail staff and other

inmates, Petitioner's claims are more properly raised in an action under 42 U.S.C. § 1983 as such

claims do not provide any basis for Petitioner's release from custody.

Finally, as noted above, the instant petition has been filed by Petitioner's mother, acting

on Petitioner's behalf. The federal habeas statute provides that the "[a]pplication for a writ of

habeas corpus shall be in writing signed and verified by the person for whose relief it is intended

or by someone acting in his behalf." 28 U.S.C. § 2242. Federal courts recognize that under

appropriate circumstances, habeas petitions can be brought by third parties, such as family

members or agents, on behalf of a prisoner – which is known as next-friend standing. *Whitmore

v. Arkansas*, 495 U.S. 149, 161-64 (1990). The prerequisites for "next friend" standing in habeas

proceedings are: (1) that the "next friend" provide an adequate explanation – such as

inaccessibility, mental incompetence or other disability – as to why the real party in interest

cannot appear on his own behalf to prosecute the action; and (2) that the "next friend" must be

truly dedicated to the best interests of the person on whose behalf he seeks to litigate. *See id*.

Petitioner's mother appears to indicate in the petition that she is proceeding on

Petitioner's behalf because the Thurston County Jail will not provide Petitioner pencil or paper,

nor will they take him to court, and he therefore does not have access to the means necessary to

present his complaints without assistance. (*See* dkt. # 1 at 15.) The Court is not fully persuaded,

based on the record currently before it, that Petitioner would not be able to appear on his own

behalf and prosecute this action if required to do so. Thus, assuming Petitioner is able to

demonstrate that this action should proceed, the Court will require that Petitioner's mother make

a more detailed showing establishing that she meets the prerequisites for "next friend" standing.

ORDER TO SHOW CAUSE
PAGE - 4

Based on the foregoing, this Court hereby ORDERS as follows:

(1)     Petitioner shall show cause not later than ***thirty (30) days*** from the date on which this Order is signed why this action should not be dismissed. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2)     Petitioner's request for preliminary injunctive relief (dkt. # 3) is STRICKEN.

(3)     The Clerk is directed to send copies of this Order to Petitioner, to Petitioner's mother[2], and to the Honorable John H. Chun.

DATED this 2nd day of September, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[2] The address for Petitioner's mother can be found at dkt. # 1-1 at 16.

ORDER TO SHOW CAUSE
PAGE - 5