UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR LENARD AUSTIN,

          Petitioner,

   v.

JOHN SNAZA,

          Respondent.

Case No. C22-5567-JHC-MLP

REPORT AND RECOMMENDATION

This is a federal habeas action brought under 28 U.S.C. § 2254. At the time the action was filed, Petitioner was confined at the Thurston County Jail in Tumwater, Washington, where he was awaiting trial in three separate Thurston County Superior Court criminal cases. (*See* dkt. ## 1, 1-1.) Petitioner has since been released from custody. (*See* dkt. # 6.) This action was filed on Petitioner's behalf by his mother, Mary Austin, and was one of three such actions filed by Ms. Austin, each action challenging a different pending state court criminal case. The petition at issue here pertains to Thurston County Superior Court Case No. 22-1-00257-34 in which Petitioner is charged with vehicular assault.[1]

---

[1] Also pending in this Court are: (1) *Austin v. Snaza*, Case No. C22-5566-JCC-TLF, which pertains to Thurston County Superior Court Case No. 22-1-00027-34 (charging attempted robbery in the second degree – domestic violence, assault in the fourth degree, assault in the second degree – domestic

REPORT AND RECOMMENDATION
PAGE - 1

1    The primary claim asserted in the petition was that Petitioner's speedy trial rights had
2    been violated in his underlying criminal case. (*See* dkt. ## 1 at 1, 5, 7-8; 1-1 at 2-15.) However,
3    the petition also referenced other alleged infirmities in Petitioner's ongoing state court criminal
4    proceedings and raised concerns about the treatment Petitioner had received during his
5    confinement at the Thurston County Jail. (*See id.*) Petitioner requested relief in the form of
6    immediate release from custody. (*Id.* at 16.)

7    After reviewing Ms. Austin's submissions on behalf of Petitioner, this Court determined
8    that Petitioner had not submitted a viable petition for writ of habeas corpus. Thus, on September
9    2, 2022, this Court issued an Order directing Petitioner to show cause why this action should not
10   be dismissed. (Dkt. # 5.) The Court advised Petitioner therein that he may not seek relief under
11   28 U.S.C. § 2254 as such relief is available only to persons who are "in custody pursuant to the
12   *judgment* of a state court." (*Id.* at 2 (citing 28 U.S.C. § 2254(a) (emphasis added)).) The Court
13   explained that because Petitioner had not yet been convicted in his underlying state court
14   criminal case, he was not confined pursuant to a judgment of the state court and, thus, § 2254
15   provided no avenue for relief at this juncture. (*Id.*)

16   The Court advised Petitioner that even if it were to construe his petition as one filed
17   under the general habeas statute, 28 U.S.C. § 2241, he would still not be entitled to the relief
18   requested in this action. (Dkt. # 5 at 2.) The Court observed that because Petitioner is awaiting
19   adjudication of his pending criminal charges in Thurston County Superior Court, resolution of
20   the claims asserted in his petition would necessarily require this Court to become involved in his

---

violence); and (2) *Austin v. Snaza*, C22-5568-BHS-DWC, which pertains to Thurston County Superior Court Case No. 22-1-00429-34 (charging custodial assault).

1  ongoing state court criminal proceedings. (*Id*.) The Court explained that the federal courts will
2  generally not intervene in a pending state court criminal proceeding absent extraordinary
3  circumstances where the danger of irreparable harm is both great and immediate. (*Id*. at 3 (citing
4  *Younger v. Harris*, 401 U.S. 37 (1971)).) The Court went on to detail the requirements for
5  federal court abstention under *Younger*, and concluded that the requirements had been satisfied
6  in this instance and that *Younger* abstention therefore appeared to apply in this case. (*Id*.)

7  With respect to Petitioner's complaints regarding the conditions of his confinement, the
8  Court explained that such complaints were more properly raised in an action brought under 42
9  U.S.C. § 1983. (Dkt. # 5 at 3-4.) Finally, the Court questioned whether Petitioner's mother could
10 properly act on his behalf and explained that if Petitioner could otherwise demonstrate that this
11 action should proceed, the Court would require Petitioner's mother to make a more detailed
12 showing establishing that she was entitled to litigate this action for him. (*Id*. at 4.)

13 Petitioner was directed to file a response to the Order to Show Cause within thirty days
14 and was advised that his failure to do so would result in a recommendation that this action be
15 dismissed. (Dkt. # 5 at 5.) The Order to Show Cause was sent to Petitioner at the Thurston
16 County Jail, and to Petitioner's mother at the Colorado address provided in the petition. (*See id*.)
17 The mail sent to Petitioner was returned to the Court with a notation indicating that Petitioner
18 was no longer in custody at the Thurston County Jail. (*See* dkt. # 6.) The mail sent to Petitioner's
19 mother was not returned and the Court therefore presumes that she received the Order. To date,
20 no response to the Order to Show Cause has been filed.

21 Given that Petitioner's mother initiated this action, and presumably received a copy of the
22 Order to Show Cause, the fact that no response has been forthcoming from her is a sufficient
23

REPORT AND RECOMMENDATION
PAGE - 3

basis on which to recommend dismissal of this action. The Court further notes, however, that the materials previously submitted by Petitioner, through his mother, and the only materials on file with this Court, are not eligible for federal habeas review at this time. Moreover, Petitioner's release from custody would appear to moot the petition given that immediate release from custody was the only relief requested therein. Accordingly, this Court recommends that Petitioner's federal habeas petition be dismissed without prejudice.

A state prisoner seeking federal habeas relief may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this action and, therefore, recommends a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within

REPORT AND RECOMMENDATION
PAGE - 4

**fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 4, 2022**.

The Clerk is directed to send copies of this Report and Recommendation to Petitioner, to Petitioner's mother[2], and to the Honorable John H. Chun.

DATED this 12th day of October, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[2] The address for Petitioner's mother can be found at dkt. # 1-1 at 16.

REPORT AND RECOMMENDATION
PAGE - 5